**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS A. DUTTON-MYRIE, | |
| Petitioner | CIVIL ACTION No. 3:09-CV-117 |
| v. | (JUDGE CAPUTO) |
| ERIC H. HOLDER, Attorney General of the United States and WARDEN, Lackawanna County Prison, | |
| Respondents. | |

**MEMORANDUM ORDER**

Now before the Court is Petitioner Luis A. Dutton-Myrie's petition for a writ of habeas corpus. (Doc. 1.)  For the reasons stated here, the Court will deny the petition and dismiss this action without prejudice.

Petitioner Luis A. Dutton-Myrie is currently detained in Scranton, Pennsylvania at the Lackawanna County Prison. (Pet. ¶ 1, Doc. 1.)  The Petitioner has been detained for "Illegal Re-Entry into the United States Subsequent to Deportation."  (Pet. ¶ 10(a), Doc. 1.)  Petitioner was previously deported from the United States following an April 13, 1998 Immigration Removal proceeding. (*Id.*)  Petitioner now alleges that his rights were violated during the April 13, 1998 proceeding due to ineffective counsel.  (*Id.*)  In particular, he alleges that at the time of the hearing he was unable to read, write or comprehend the English language and that his counsel, Attorney Susan Weber, was unable to speak Spanish and did not have a translator available. (*Id.*)  Petitioner further alleges that, due to this language barrier and the resulting ineffectiveness of counsel, neither the presiding immigration judge nor Petitioner's counsel informed him that he was able to appeal the

presiding judge's deportation order. (*Id.*)  Moreover, Petitioner alleges that during the confusion of the removal proceeding, his counsel represented to the presiding judge that he wished to waive his right to appeal. (*Id.*)  Based on these allegations, Petitioner argues that he has suffered a violation of his due process rights and asks this court to vacate the April 13, 1998 removal proceedings and reverse the April 13, 1998 deportation order. (*Id.*)

On February 9, 2009, noting that the petition was not frivolous or obviously lacking in merit, the Court ordered Respondents to show cause as to why the writ should not be granted. (Doc. 5.) On February 17, 2009, the Court received Respondents' Response to the Order to Show Cause (Doc. 7), and on February 26, 2009, the Petitioner filed his Traverse Reply (Doc. 8). As this petition has been thoroughly briefed, it is currently ripe for disposition.

In their February 17, 2009 Response to this Court's Order to Show Cause, the Respondents argue that this Court was divested of subject matter jurisdiction to review removal orders, including petitions for a writ of habeas corpus, of any alien. (Resp., Doc. 7, at 4.) Title 8, Chapter 12 of the United States Code, titled "Immigration and Nationality Immigration Adjustment and Change of Status", states, in relevant part, that:

> (5) Exclusive means of review.
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). This statute was further amended by the REAL ID Act of 2005, Pub. L. No. 109-12, Div. B § 106(a), 119 Stat. 231 (2005) ("REAL ID Act"). Pursuant to the REAL ID Act amendments, Title 8, Chapter 12 of the United States Code also states, in relevant part that:

> (9) Consolidation of questions for judicial review.
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Thus, subsequent to Petitioner's 1998 removal from the United States, "Congress. . . eliminated district court jurisdiction over habeas petitions filed by aliens concerning removal orders." *Jeune v. Attorney General of the United States*, 476 F.3d 199, 200 (3d Cir. 2007). Moreover, "[u]nder the REAL ID Act, a petition for review is now the exclusive means of judicial review of all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1)." *Silva-Rengifo v. Attorney General of the United States*, 473 F.3d 58, 62 (3d Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (2005)).

The Court, accordingly, finds that, under current law, the Petitioner may only challenge the 1998 removal order currently contested in his habeas petition by filing a petition for review in the Court of Appeals for the Third Circuit. The Court notes the argument in Petitioner's Traverse Reply that, at the time of his 1998 removal, he was not advised of his right to appeal and not instructed on how to make such an appeal. (Tr. Rep., Doc. 8, at 3.) While this Court may have, in 1998, possessed the requisite subject matter

jurisdiction over Petitioner's habeas claims, Congress expressly divested that jurisdiction in 2005 when it adopted the REAL ID Act.  Since this Court lacks jurisdiction over Petitioner's habeas claims, this action will be dismissed without prejudice.

For this reason, NOW this 5th day of March, 2009, it is hereby **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this action is **DISMISSED** without prejudice.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge